UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELARNSIL ODOM, JR.,

        Petitioner,

                              CIVIL NO. 2:10-CV-10385
v.                                HONORABLE PAUL D. BORMAN
                              UNITED STATES DISTRICT COURT

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS**

Elarnsil Odom, Jr., ("Petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for bank robbery, M.C.L.A. 750.531. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**I. BACKGROUND**

Petitioner was convicted of the above charge following a bench trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Odom,* No. 275840; 2008 WL 2436552 (Mich.Ct.App. June 17, 2008); *lv. den.,* 482 Mich. 1036, 757 N.W. 2d 97 (2008).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. Because state criminal procedures did not conform to the same standards that apply to federal proceedings, Mr. Odom was denied his basic constitutional rights guaranteed to him by the federal constitution.

1

II.  Because trial and appellate counsel did not subject the prosecutor's case to meaningful adversarial testing given the circumstances of this case, Mr. Odom was denied his 6th Amendment right to effective assistance of counsel, made applicable to the state through the 14th Amendment.

III.  Because the law enforcement agents processed the pre-trial photo line-up in a suggestive manner, the subsequent in-court identification was tainted and should have been excluded.

**II.  DISCUSSION**

The instant petition is subject to dismissal because none of petitioner's claims have been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Petitioner claims that the police processed the pre-trial photographic line-up in a suggestive manner, which tainted the witnesses' subsequent in-court identification of him as the perpetrator. Petitioner further claims that trial counsel was ineffective for failing to challenge the allegedly improper identification procedure or for failing to call an expert witness concerning eyewitness identification testimony. Petitioner further claims that appellate counsel was ineffective for failing to raise these claims on his appeal of right. Petitioner, by his own admission, did not present any of his claims before the Michigan Court of Appeals or the

Michigan Supreme Court on his direct appeal. [1]

Although petitioner did raise an ineffective assistance of trial counsel claim on direct appeal, it involved trial counsel's alleged ineffectiveness in failing to object to prosecutorial misconduct. [2] The federal courts do not have jurisdiction to consider a claim in a habeas petition that was not fairly presented to the state courts, and a claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000). A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990)). Because petitioner's ineffective assistance of trial counsel claims involving the failure to challenge the pre-trial identification procedures and the failure to obtain an expert witness on eyewitness identifications are different than the ineffective assistance of trial counsel claim that was presented during petitioner's appeal of right, these claims have not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)); *See also Brandon v. Stone,* 226 Fed.Appx. 458, 459 (6th Cir. 2007).

In addition, petitioner's ineffective assistance of appellate counsel claim has not yet been presented to the state courts. A claim of ineffective assistance of appellate counsel is subject to the exhaustion requirement. *See e.g. Coleman v. Metrish*, 476 F. Supp. 2d 721, 732 (E.D. Mich.

---

[1] *See* Memorandum of Law in Support of Motion to Set Aside and Vacate State Conviction and Sentence, pp. 23-29.

[2] The Court obtained a copy of the Michigan Court of Appeals' opinion affirming petitioner's conviction from Westlaw's Internet Site. *See* www.westlaw.com.

2007).

In his petition for writ of habeas corpus, petitioner argues that he should be excused from the exhaustion requirement because neither his trial counsel nor his appellate counsel challenged the suggestive identification procedures at trial or on his direct appeal.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

Trial counsel's failure to challenge the pre-trial identification procedure or to call an expert witness in eyewitness identification testimony at trial would not excuse appellate counsel's failure to raise petitioner's claims on his direct appeal. *See Lundgren v. Mitchell*, 440 F. 3d 754, 766 (6th Cir. 2006)(claim of ineffective assistance by trial counsel could not excuse procedural default in state court on claims regarding exclusion of allegedly mitigating evidence, where basis of default was failure to raise the claims on direct appeal). In addition, the mere fact that appellate counsel failed to raise petitioner's suggestive identification or ineffective assistance of trial counsel claims on petitioner's direct appeal to the Michigan Court of Appeals and the Michigan Supreme Court would not render exhaustion futile, because petitioner still has available state court remedies with which to exhaust these claims. *See Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967)(petition for writ of habeas corpus which raised claim that court-

4

appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of Kentucky's post-conviction procedures).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust these claims by filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and(C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S. Ct 1528 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims regarding his underlying conviction are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues

5

his claims in state court. *See Bailey v. Roe,* 135 Fed. Appx. 100, 101 (9th Cir. 2005); *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *See also Meyer v. Warren,* 2006 WL 2644991, * 3 (E.D. Mich. September 14, 2006). The Court will dismiss the petition without prejudice.

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason"

would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to these claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

**III. CONCLUSION**

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: February 12, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 12, 2010.

S/Denise Goodine
Case Manager